UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENT CARR, JR.,

    Petitioner,

v.                                                                                     Case Number: 05-CV-73763
                                                                                    Hon. Lawrence P. Zatkoff

MILLICENT WARREN,

    Respondent.
_____/

**OPINION AND ORDER (1) DENYING MOTION FOR RELIEF FROM JUDGMENT;
(2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO
PROCEED *IN FORMA PAUPERIS* ON APPEAL;AND (3) DENYING MOTION TO
STAY AS MOOT**

On July 9, 2007, this Court denied Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, finding his claims to be either without merit or procedurally defaulted. *Carr v. Warren*, No. 05-CV-73763, 2007 WL 2389816 (E.D. Mich. July 9, 2007). Subsequently, the Court denied Petitioner's motion for certificate of appealability, as did the Sixth Circuit. *Carr v. Warren*, No. 05-cv-73763 (E.D. Mich. Aug. 16, 2007); *Carr v. Warren*, No. 07-1991 (6th Cir. Mar. 13, 2008).

Then, on January 23, 2009, almost two years later, Petitioner filed a "Motion for Relief from Judgment," which the Court construed as a second or successive habeas petition and transferred it to the Sixth Circuit. On March 17, 2009, the Court also denied Petitioner's motion for reconsideration of that decision.

On March 3, 2010, the Sixth Circuit remanded the case to this Court for consideration of Petitioner's motion. For the reasons stated below, the Court will deny the motion.

I.

"[A] Rule 60(b) motion does not serve as a substitute for an appeal, or bring up for review a second time the merits of the district court's decision dismissing [a] habeas petition." *Rodger v. White*, 996 F.2d 1216, at *1 (6th Cir. 1993) (table opinion) (citing *Browder v. Director, Dep't of Corrs.*, 434 U.S. 257, 263 (1978); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). Rather, Rule 60(b) is properly invoked in habeas cases "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." *Cornell v. Nix*, 119 F.3d 1329, 1332 (8th Cir. 1997) (quoting *Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir. 1989)).

Rule 60(b) states in part:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or,
>
> (6) any other reason that justifies relief.

The party that seeks to invoke Rule 60(b) bears the burden of establishing that its

prerequisites are satisfied. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *Miles v. Straub*, 90 Fed.Appx. 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004).

Additionally, Rule 60(c) says that the motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. Here, the Court finds Petitioner's motion untimely. The Court denied Petitioner's habeas petition on July 9, 2007; Petitioner's motion for relief from judgment was signed on January 20, 2009.

Even if Petitioner's motion were timely, the Court would deny the motion because Petitioner failed to offer any arguments that the Court had not already previously considered and rejected in its prior orders. *See Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001). Rather, the Court finds that, in his motion, Petitioner is simply reiterating the same arguments that he raised previously, and that were rejected both by this Court and the Sixth Circuit. Therefore, the Court denies the motion.

The Court also declines to issue Petitioner a certificate of appealability. A habeas petitioner is required to obtain a certificate of appealability in order to appeal the denial of a motion for relief from judgment brought pursuant to Fed.R.Civ.P. 60(b). See *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007).

The Second Circuit Court of Appeals has articulated the standard for issuing a certificate of appealability in the context of the denial of a Rule 60(b) motion as follows:

3

> [A] COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001).

Against that backdrop, the Court concludes that Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment because he has failed to make a substantial showing of the denial of a constitutional right or that the Court's procedural ruling was incorrect. As the Court can discern no good faith basis for an appeal, any appeal would be frivolous. The Court therefore declines to issue Petitioner a certificate of appealability. See *Long v. Stovall*, 450 F.Supp.2d 746, 755 (E.D. Mich. 2006). The Court also declines Petitioner leave to proceed on appeal *in forma pauperis*, because the appeal would be frivolous. *Hence v. Smith*, 49 F.Supp.2d 547, 549 (E.D. Mich. Apr.22, 1999).

## II.

Accordingly, IT IS ORDERED that Petitioner's "Motion for Relief from Judgment" [dkt 42] is DENIED WITH PREJUDICE;

IT IS FURTHER ORDERED that the Court declines to issue Petitioner a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

IT IS FURTHER ORDERED that Petitioner's "Motion to Stay Pending Appeal" [dkt 47] is denied as moot.

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: July 21, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 21, 2010.

                                                S/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290